STATE OF INDIANA, EX REL. CRAWLEY *v.* MAY, CLERK.

[No. 23,609. Filed June 10, 1921.]

1. MUNICIPAL CORPORATIONS.— *Ordinances.— Validity.— Failure of Mayor and Presiding Officer of Council to Sign.—Statutes.—* Under §8654 Burns 1914, Acts 1905 p. 219, §52, an ordinance fixing the salaries of city officials is ineffective where the presiding officer of the city council did not sign it, and the mayor failed to approve it and the council to pass it by a two-thirds vote after his constructive disapproval. p. 623.

2. MUNICIPAL CORPORATIONS.—*Common Council-Powers.—Fixing Salaries of Officers.—Statutes.—*The power to fix salaries of city officers and employes conferred in general terms upon the common council by §8644 Burns 1914, as originally enacted in 1905 (Acts 1905 p. 219, §43), was not taken away by the proviso added to that section by Acts 1913 p. 933, declaring that "the salaries of such officers shall be fixed during the month of September preceding the election each four years," so that the common council of a city of the fifth class had authority to enact a municipal ordinance in December, 1913, fixing the salaries of officers elected in 1917 or appointed in 1918. p. 626.

3. MUNICIPAL CORPORATIONS.—*Ordinances.—Enactment.—Requisites.—Certificate of Presiding Officer.—Statutes.—*Section 8654 Burns 1914, Acts 1905 p. 219, §52, does not require that the presiding officer of the common council shall attach any certificate to an ordinance passed by that body, nor that he shall describe himself a presiding officer when signing an ordinance, as provided in such section. p. 628.

4. MUNICIPAL CORPORATIONS.— *Ordinances.— Validity.— Enactment.—Requisites.—Signature of Presiding Officer of Council. Evidence.—Minutes of Meeting.—Statutes.—*The fact that minutes of the meeting of the common council of a city of the fifth class, as kept by the city clerk, were signed and attested by the mayor as the presiding officer, and by the clerk as such clerk, is sufficient, in view of §8651 Burns 1914, Acts 1905 p. 219, §49, making it the duty of the mayor in cities of the fifth class to preside at all meetings of the common council, to establish that the mayor was the presiding officer at that meeting of the council; and an ordinance passed at such meeting was not invalid merely because he signed only once after a certificate that the ordinance was approved. p. 628.

From Fountain Circuit Court; *Burton B. Berry*, Special Judge.

Action by the State of Indiana, on the relation of Charles S. Crawley, against Frank B. May, clerk of the city of Veedersburg. From judgment for defendant, the relator appeals. *Reversed.*

*Lucas Nebeker* and *Courtney W. Dice*, for appellant.
*J. P. Brissey, D. F. Stansbury* and *W. N. White*, for appellee.

EWBANK, J.—This was an action by appellant's relator seeking to mandate the appellee, as clerk of the city of Veedersburg, to issue to the relator a warrant for his salary as city marshal of said city for the previous month. A demurrer to each paragraph of the complaint for the alleged reason that neither paragraph stated facts sufficient to constitute a cause of action, was sustained, to which ruling the relator excepted and, upon his refusal to plead over or amend, judgment was rendered on the demurrer that the plaintiff take nothing and that the defendant recover his costs. An appeal was duly perfected, the rulings by which demurrers were sustained to each paragraph of the complaint being assigned as errors.

Each paragraph of the complaint alleged facts showing in substance that Veedersburg then was, and for ten years had been a city of the fifth class; that appellee was, and for the past month had been its city clerk; that relator resided in said city, possessed the qualifications to be, and since January 7, 1918, had been the duly appointed, qualified and acting marshal of said city and had performed all the duties of said office; that he had paid all moneys received by him as city marshal to the city treasurer and had made out proper detailed statements and returns, duly verified, to the appellee as city clerk in the forms as required by appellee, and pro-

duced to appellee the receipts of the city treasurer for all such money, and that he had no money of the city in his hands or in his possession; that he demanded from appellee a warrant for his salary of $60 for the month ending August 7, 1918, but was refused, and he has received no salary for that month.

Each paragraph counted upon an alleged city ordinance alleged to have been enacted as hereinafter stated, providing the salaries to be paid to each of the city officers and a number of employes, respectively, by which it was provided that the city marshal should receive $720 per annum, payable monthly, and the mayor $500 per annum, payable quarterly, and alleged that all such officers and employes had ever since been paid the compensation as therein provided until the beginning of the month for which he asked payment.

In addition the first paragraph of the complaint alleged that on December 3, 1913, after having been previously voted upon and passed on first and second readings, a salary ordinance was regularly and duly enacted, adopted and passed by the city council of Veedersburg, upon a yea and nay vote, at a meeting at which the mayor presided and the city clerk attended; that said city clerk recorded in the minute book of the city council all the proceedings of said meeting, including a reference to said salary ordinance by name and number, but without copying it in the minutes, which minutes were duly signed and attested by said mayor as the presiding officer, and by the clerk, as such clerk. That immediately upon its passage, and during said meeting, the ordinance was presented to the mayor by the city clerk, and the mayor signed at the bottom of said ordinance a statement that he approved it, with the date thereof, and the clerk attached to said ordinance his statements and certificate of the fact of such presentation and the time thereof, which were written

and signed just above the mayor's indorsement of his approval; and that within a reasonable time thereafter the city clerk recorded said ordinance in a book kept by him for such purpose, including said certificates of approval, with the date and signatures, and the date of recording. But that the mayor signed the ordinance only immediately after his certificate of approval, as mayor, on the date named therein, and such ordinance does not, nor does the record of it, contain a certificate signed or purporting to be signed by anybody as the presiding officer at said meeting of the council.

The second paragraph said nothing about the alleged ordinance of December 3, 1913, but averred that on September 5, 1917, after having been previously voted upon and passed on first and second readings, an ordinance in the terms as above stated was regularly and duly enacted and passed by the city council of Veedersburg, at its regular meeting, upon a yea and nay vote, at which meeting the mayor presided, and the then city clerk attended and recorded in the minute book all the proceedings of the meeting, which minutes and record so made contained a reference to said salary ordinance by name and number, but the ordinance was not copied in said minutes; that the minutes were duly signed and attested by the mayor as the presiding officer and by such clerk; but that the ordinance was not separately signed by the presiding officer, and the mayor did not then or ever sign a certificate of approval of said ordinance; that within a reasonable time thereafter the clerk recorded said ordinance in a book kept for that purpose by him, which record included the signature of said clerk to his certificate showing the presentation by him of said ordinance to the mayor and the time thereof.

It will be observed that both of these alleged ordinances were passed before the election (in November,

1917) at which the mayor now in office was chosen, by whom the relator was appointed.

The objections to the sufficiency of the first paragraph of the complaint, stated in the memorandum filed with the demurrer and urged in appellee's brief, were: (1) That the alleged ordinance of December 3, 1913, was not signed by the presiding officer of the council, as such presiding officer; and (2) it was not enacted in September preceding a city election. The objections to the second paragraph, as so stated and urged, were that the alleged ordinance of September 5, 1917, was not signed by the presiding officer, nor approved by the mayor or passed over his veto.

The ordinance set out and relied on in the second paragraph of the complaint, having been passed nearly four years later than the one set out in the first paragraph, must prevail as the only ordinance fixing salaries which is in force, if it is valid. Therefore we shall first proceed to inquire if the objections to its validity are well taken.

That the mayor did not sign the ordinance operated as a veto. The statute provides that upon the presentation of an ordinance for his signature the mayor 1. shall either enter his approval thereon and sign the same, or return the ordinance with his objections in writing within ten days. But "if the Mayor fail to discharge his duty by approving or disapproving such ordinance within the time named, such failure shall be deemed a disapproval; and in all cases of disapproval by the Mayor such ordinance shall not become a law, unless at its next regular or special meeting after the time named for the Mayor's action, the council shall again pass the same by a two-thirds vote of all the members elect." §8654 Burns 1914, Acts 1905 p. 219, §52.

And the further fact that this ordinance was not authenticated by the signature of the presiding officer of the council left it without any legal means of establishing that the instrument of writing recorded by the clerk (or kept on file in his office) was the same ordinance which was passed by a vote of the council. The statute provides that—"No ordinance, order or resolution of the (city) council shall become a law, or operative until it has been signed by the presiding officer thereof, and approved in writing by the mayor, or passed over his veto, as hereinafter provided, and, whenever necessary, promulgated according to law." §8654 Burns 1914, *supra.*

The alleged ordinance of September 3, 1917, could not have taken effect under the facts alleged, for failure of the presiding officer to sign it, of the mayor to approve it, and of the council to pass it after his disapproval, and there was no error in sustaining the demurrer to the second paragraph of the complaint.

It appears from the allegations in the first paragraph that the ordinance on which that paragraph is based was passed by the common council in December, 1913, and that the relator was appointed to the office of city marshal on January 7, 1918. In the meantime the term of office of the mayor and other city officers elected in November, 1913, and of the city marshal appointed by the mayor during such term, had expired, and a mayor elected in November, 1917, had taken his office. §8644 Burns 1914, Acts 1913 p. 933; §8682, cl. 7, Burns 1914, Acts 1905 p. 219, §80.

The statutory provisions necessary to be considered in determining whether the city council had power to enact, in December, 1913, an ordinance which would be effective unless repealed, as fixing the salaries of officers chosen at an election thereafter held, in November, 1917, and of other officers appointed by a mayor chosen at said

election, read as follows: "The common council of every city shall have power to enact ordinances for the following purposes: * * * *Second.* To fix the salaries or compensation of the various officers and employes of such city, except where a different provision is made in this act: * * * No salary or compensation of any city officer so fixed shall be changed after his election or appointment during the term of his office." §8655 Burns 1914, Acts 1905 p. 219, §53.

"The elective officers of the cities of this state shall consist of a mayor, city judge, city clerk, city treasurer, and councilmen as hereinafter provided * * * and provided, That in cities of the fifth class no city judge shall be elected, but the powers and duties of city judge shall devolve wholly upon the mayor, except * * *. At such general election there shall be elected in every city a mayor and city clerk * * *. The officers elected on the first Tuesday after the first Monday in November, 1909, shall hold their respective offices from the termination of the terms of their respective predecessors until the hour of 12 o'clock noon of the first Monday in January, 1914. Thereafter all elective city officers shall serve for four years from the hour of 12 o'clock at noon on the first Monday in January following their election, * * *" and, after providing for continuing certain officers in office when a city of the fourth class gets to be a city of the third class, until abolished by ordinance, and after lengthy provisions as to the salaries to be allowed the county treasurer and county auditor in cities where the duty of city treasurer are performed by the county treasurer, etc., "and provided, further, that the salaries of such city officers shall be fixed during the month of September preceding the election each four years and shall not be increased or lowered during the term for which any

officer may ..ave been elected or appointed, and the amount of salaries of such officers shall be fixed under the provisions of the law now in force governing the salaries of such officers in cities of the third class." §8644 Burns 1914, *supra.*

"It shall be the duty of the mayor: ' * * * Seventh: * * * to appoint, in cities of the fifth class, a city marshal * * *.

"In cities of the first class, the mayor shall be paid an annual salary of four thousand dollars [now $7500], which may be increased by ordinance to any amount not exceeding five thousand dollars * * * and, in cities of the fifth class, an annual salary to be fixed by ordinance: Provided, that no change of salary shall apply to any incumbent or to any officer-elect." §8682 Burns 1914, *supra.*

Counsel for the appellant point out that the proviso in §8644 Burns 1914, *supra,* that "the salaries of such officers shall be fixed during the month of September preceding the election each four years," was not in the law as enacted in 1905, nor as amended in 1909, but was first written therein as part of an amendment made in 1913, which consisted of inserting four provisos that contained no other language in general terms, but all the rest of which were limited solely to fourth class cities that might acquire sufficient population to advance into the third class. And counsel build thereon a very plausible argument to the effect that the words above quoted, like the remainder of the four provisos, were not intended to apply to cities of the fifth class. But under the view we take of the matter it is not necessary to decide whether or not their application is thus limited.

The original act of 1905, as above set out, conferred upon the city councils in cities of the fifth class, in the most general terms, authority to pass ordinances at any

time, in any month of the year, fixing the salaries of officers thereafter elected or appointed. The provision to that effect in the section conferring and defining the powers of the council in the matter of enacting ordinances (§8655, *supra*) was supplemented by a provision in terms equally as general in the section relating to the duties and salary of the mayor (§8682, *supra*) and nothing at all on the subject of the salaries of officers, or the passage of ordinances for that purpose, appeared in the section that provided for the election of officers (Acts 1905 p. 219, §43), in which the proviso under consideration was first inserted eight years later. §8644, *supra*.

That amendment, whether construed as mandatory or directory, is wholly permissive, and does not purport to take away any powers previously conferred upon the common council, nor to prohibit the exercise of those powers in months other than September. The proviso is only "that the salaries of such city officers shall be fixed during the month of September preceding the election each four years." There is no provision that the power to fix salaries at other times, previously conferred by other sections of the statute enacted eight years before, shall not also be exercised. But the same limitation is repeated which appeared twice in the original act, that salaries fixed by ordinance shall not be increased or diminished during the term of a person then holding the office by election or appointment. By virtue of the powers previously conferred upon the council by the original act of 1905, which were not taken away nor limited by the proviso in question, the council of Veedersburg had power, in December, 1913, to enact an ordinance fixing the salaries of city officers thereafter elected in 1917, or appointed in 1918.

It is next objected that the mayor, who presided at the session of the council at which the ordinance of

December 3, 1913, was passed, pursuant to the provisions of the statute (§8651 Burns 1914, Acts 1905 p. 219, §49), signed his name to the ordinance only once, and then to a certificate of his approval of the ordinance, as mayor, but did not certify, as presiding officer of the council, that it had been passed. But the statute does not command that the presiding officer of the council shall attach any certificate to the ordinance, nor that he shall describe himself as presiding officer when signing. It merely provides that "no ordinance * * * shall become a law, or operative until it has been signed by the presiding officer thereof, and approved in writing by the mayor," etc. §8654 Burns 1914, *supra.*

That statute obviously intends that the fact of the person who signs being the presiding officer shall be made to appear in some other way than by his own statement on the face of the ordinance.

A statute provides that "in cities of the third, fourth and fifth classes, it shall be the duty of the mayor to preside at all meetings of the common council; and while so presiding he shall have a casting vote in case of a tie, but not otherwise; and in his absence, for any cause, the council shall choose a presiding officer *pro tempore* from its members." §8651 Burns 1914, *supra.* And it is alleged, as above stated, that the minutes of the meeting, as kept by the city clerk, were signed and attested by the mayor as the presiding officer, and by the clerk as such clerk. Under the statute as above set out, we think this sufficient to establish that the mayor was the presiding officer at that meeting of the council. If a presiding officer *pro tempore* had been chosen for that meeting it is obvious that such fact must have been established by the minutes of the council, and not merely by the fact that he so subscribed himself. And since it appears that the

mayor presided and that he did sign the ordinance that same evening, immediately after it was passed by the council, we do not think that the ordinance was invalid merely because he signed only once after a certificate that the ordinance was approved.

Counsel for appellee assert and rely upon the rule that the validity of a statute ordinance must appear upon its face. But we think that where the ordinance was signed by the person at that time holding the office of mayor, in a city of the fifth class, and it appears from the minutes of the council that he was present and presided at the meeting at which the ordinance was passed, it does sufficiently appear from the record that it was signed by the presiding officer, without resort to parol evidence.

The first paragraph of the complaint is not open to either of said objections pointed out by appellee's demurrer and brief, nor to any which are suggested by counsel or which occur to us.

The judgment is reversed, at the costs of the appellee, with directions to overrule appellee's demurrer to the first paragraph of appellant's complaint.

Myers, J., concurs in the conclusion.